United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ADRIAN ALDAMA,<br><br>          Plaintiff,<br><br>     v.<br><br>GENERAL MOTORS LLC,<br><br>          Defendant. | Case No.  23-cv-04326-BLF<br><br>**ORDER DENYING MOTION TO REMAND; GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>[Re: ECF Nos. 12, 15] |

Plaintiff Adrian Aldama ("Aldama") filed this suit against Defendant General Motors LLC ("GM") in Santa Clara County Superior Court, asserting fives causes of action related to an allegedly defective Chevrolet Bolt. ECF No. 1-1 ("Compl."). Defendant removed the case to federal district court based on diversity jurisdiction. ECF No. 1 ("Not. of Removal") ¶ 1.

Two motions are before the Court. Plaintiff moves to remand the case to state court, arguing that GM has not shown that the parties are diverse, the amount in controversy exceeds $75,000, or removal was proper. ECF No. 15 ("MTR"); ECF No. 22 ("MTR Reply"); ECF No. 23 ("MTR Objections"). Defendant opposes. ECF No. 21 ("MTR Opp."). Defendant also brings a motion to dismiss Plaintiff's fourth cause of action for fraud and fifth cause of action for violation of the "fraud prong" of California Business & Professions Code section 17200 ("UCL"). ECF No. 12 ("MTD"). Plaintiff acknowledges the pleading deficiencies and seeks leave to amend, ECF No. 19 ("MTD Opp."), which Defendant does not oppose.

The Court finds the motions appropriate for disposition without oral argument, and hereby VACATES the hearing scheduled for March 21, 2024. *See* Civ. L.R. 7-1(b). For the reasons described below, the Court DENIES Plaintiff's motion to remand and GRANTS Defendant's motion to dismiss WITH LEAVE TO AMEND.

## I. BACKGROUND

On or about December 18, 2019, Plaintiff leased a new Chevrolet Bolt from a General Motors' franchised dealership. Compl. ¶ 9. According to the complaint, "the subject vehicle is not safe or functional because the batteries may ignite when they are either fully charged or fall below seventy (70) miles remaining mileage" and "the vehicle also cannot be parked inside overnight due to fire risk." *Id.* ¶ 16. The complaint alleges that "Plaintiff has been forced to make unforeseen accommodations and take precautions that interfere with their normal and expected use of the vehicle" due to "fear of the vehicle igniting and causing serious bodily harm or death." *Id.* ¶¶ 29–32. The complaint also alleges that Defendant "marketed the subject vehicle in a false and misleading manner by advertising it as safe and function." *Id.* ¶ 17.

On July 27, 2023, Plaintiff filed this action in the Santa Clara County Superior Court. *Id.* The complaint alleges five causes of action: 1) Violation of the Song-Beverly Act - Breach of Express Warranty, *id.* ¶ 35–46; 2) Violation of the Song-Beverly Act - Breach of Implied Warranty, *id.* ¶ 47–54; 3) Violation of the Song-Beverly Act - Section 1793.2, *id.* ¶ 55–67; 4) Fraud, *id.* ¶ 68–82; 5) Violation of the UCL, *id.* ¶ 83–120.

On August 23, 2023, Defendant initiated this federal action by filing a Notice of Removal with this Court. *See* Not. of Removal. On September 13, 2023, Defendant moved to dismiss Plaintiff's fourth cause of action and fifth cause of action (based on fraud). MTD; ECF No. 12-3 at 1. On September 21, 2023, Plaintiff moved to remand the case to state court. MTR.

## II. LEGAL STANDARD

### A. Motion to Remand

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). "The mechanics and requirements for removal are governed by 28 U.S.C. § 1446." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). A party who contests removal may file a motion to remand. *See* 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]" *Id.* "[T]he burden is on the party

removing the case from state court to show the exercise of federal jurisdiction is appropriate." *Kuxhausen*, 707 F.3d at 1141.

### B. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

## III. DISCUSSION

### A. Plaintiff's Motion to Remand

Plaintiff's motion summarizes the procedural and substantive requirements for removal, but makes only boilerplate arguments that Defendant does not meet the standard. *See* MTR. Defendant responds that it meets the amount in controversy, that the parties are diverse, and that it met the proper substantive requirements. Plaintiff's Reply, like the MTR, contains boilerplate arguments that fail to substantively engage with Defendant's argument or evidence. MTR Reply.

3

1   Plaintiff separately filed several evidentiary objections. MTR Objections. The Court addresses
2   the objections first, then the requirements for removal.

### i. Evidentiary Objections

Plaintiff objects to three statements from the Declaration of Timothy M. Kuhn, counsel at GM. MTR Objections. The statements are: 1) "GM is a Delaware limited liability company that has its principal place of business in the State of Michigan," ECF No. 21-3 ("Kuhn Decl.") at 1:16–17; 2) "GM is 100% owned by General Motors Holdings LLC. General Motors Holdings LLC is a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC is 100% owned by General Motors Company," *id.* 1:18–21; 3) "General Motors Company is a Delaware Corporation that has its principal place of business in the state of Michigan," *id.* at 1:22–23. Plaintiff makes two objections for each statement: that they lack foundation under Fed. R. Evid. 602 and are conclusory.

As an initial matter, Plaintiff's objections violate the Civil Local Rules and this Court's Standing Order "which require that objections be contained within the objecting party's brief." Standing Order, Section IV.I; Civil L.R. 7-3(a), (c). As such, the Court strikes Plaintiff's objections.

Even if the Court allowed the objections, they are wholly without merit. In evaluating the existence of diversity jurisdiction on a motion to remand, courts "consider . . . summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). "An affidavit or declaration used to support or oppose a motion [for summary judgment] must ... set out facts that would be [but not necessarily are] admissible in evidence . . . ." Fed. R. Civ. P. 56(c)(4). Thus, "when evidence is not presented in an admissible form in the context of a motion for summary judgment, *but it may be presented in an admissible form at trial*, a court may still consider that evidence." *Burch v. Regents of Univ. of Cal.*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006) (emphasis in original) (citing *Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003)).

Courts regularly allow declarations from employees, including counsel, to establish facts like corporate structure and location. *See, e.g.*, *Self-Realization Fellowship Church v. Ananda*

4

*Church of Self-Realization*, 206 F.3d 1322, 1330 (9th Cir. 2000) ("Personal knowledge can be inferred from an affiant's position."); *Kan v. Gen. Motors LLC*, No. 5:23-cv-01731-JLS-RAO, 2023 WL 8168953, at *1 (C.D. Cal. Oct. 24, 2023) ("the Court assumes that a lawyer in Defendant's general counsel's office is aware of basic corporate-structure facts, including where Defendant's parent corporation is incorporated and has its principal place of business."); *Simonson v. Allstate Ins. Co.*, No. CV 12-4918 CAS (MANx), 2012 WL 3073918, *2 (C.D. Cal. July 27, 2012) (admitting the declaration of Allstate's assistant general counsel, which asserted that Allstate's "nerve center" was located where "the important corporate decisions are made, and where its executive and administrative functions are performed").

The Court has no reason to discount Mr. Kuhn's statements. Courts regularly rely on declarations by the parties' attorneys such as Mr. Kuhn. The Court can presume that he, in his position as counsel at GM, is well-versed in such basic facts as GM's corporate headquarters, state of incorporation, and corporate structure. Kuhn Decl. ¶¶ 1, 4–6. Even if the Court did not strike the objections for failure to comply with the Civil Local Rules and Standing Order, the Court would overrule these objections as baseless and borderline frivolous.

### ii. Amount in Controversy

Next, the Court addresses amount in controversy. The amount in controversy required for diversity jurisdiction is $75,000. 28 U.S.C § 1332. As discussed above, Plaintiff's opening brief lists procedural and substantive removal requirements, but makes no substantive argument that the complaint does not plead and amount in controversy greater than $75,000. MTR at 11. Defendant argues that the total damages sought exceed $75,000. MTR Opp. at 3–6. Plaintiff's reply brief does not dispute any of Defendant's argument or evidence regarding amount in controversy.

Plaintiff's Complaint seeks damages for 1) the amount paid or payable for the subject vehicle; 2) a civil penalty of "two times" that amount; 3) attorneys' fees; and 4) punitive damages on their fraud-based claim. *See* Compl. ¶¶ 37–38, 43, 46. The Court assesses each in turn.

First, Defendant has presented evidence that Plaintiff purchased the vehicle for a cash price of $41,800. *See* ECF No. 21-2 at 2.

Second, a civil penalty of twice the amount paid or payable is $83,600.

Third, the Court assesses attorneys' fees.  "In calculating the amount in controversy, a court must include a reasonable amount of a potential award of attorney's fees to a plaintiff, if such an award is permitted under the statutory or common law basis for a plaintiff's claims." *Cotoc v. Dolex Dollar Express, Inc.*, No. LA CV20-06066 JAK (MAAx), 2021 WL 3783581, at *6 (C.D. Cal. Aug. 25, 2021) (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)).  Defendant avers that it is common for plaintiffs' counsel to claim hourly rates of $350 to $500 and seek attorneys' fees exceeding $50,000.  *See* ECF No. 1-3 ¶ 11; *see also Selinger*, 2023 WL 2813510, at *11 (finding $50,000 a reasonable estimate of attorneys' fees for Song-Beverly vehicle cases).  Plaintiff does not dispute this number.  Thus, the Court accepts Defendant's unchallenged estimate of $50,000 for attorneys' fees.

Finally, the court addresses punitive damages.  Courts in similar cases have found $50,000 to be a reasonable estimate of plaintiffs' punitive damages award based on fraud claims in similar cases.  *See Selinger*, 2023 WL 2813510, at *10; *In re Volkswagen*, 2019 WL 693234, at *7 (analyzing jury verdicts in several cases alleging a "global car manufacturer [ ] deceived its customers about the characteristics of its car" and finding that "[a]t least $50,000 in punitive damages is at stake in each of the . . . cases").  Thus, assuming the truth of Plaintiff's allegations, it is reasonable to assume that Plaintiff could recover at least $50,000 in punitive damages.

Court thus finds, by adding together the four sources of damages pled in the complaint, that Defendant met its burden in showing that the amount in controversy exceeds $75,000.

### iii. Diversity of the Parties

Next, the Court addresses diversity.  As discussed above, Plaintiff's opening brief lists procedural and substantive removal requirements, but makes no substantive argument that Defendant fails to show that the parties are diverse.  In response, Defendant provides evidence that the parties are residents of different states.  MTR Opp. at 2; Compl. ¶ 1; Kuhn Decl. ¶¶ 4–6.  Defendant notes that Plaintiff did not challenge Defendant's citizenship in the opening brief, even though Defendant supplied it in the Notice or Removal.  MTR Opp. at 2 n.1; Not. of Removal ¶ 12.  Plaintiff replies that "Defendant has submitted no admissible evidence proving Plaintiffs' citizenship at the time the action was filed or at the time of the removal."  MTR Reply at 5.

1  Beyond Plaintiff's stricken and baseless objections, Plaintiff makes no substantive argument
2  regarding Defendant's citizenship.
3      The Court agrees with Defendant. Parties are diverse under 28 U.S.C § 1332 if they are
4  "citizens of different States." Defendant has provided evidence that Plaintiff is a resident of
5  California and Defendant is a resident of Michigan. MTR Opp. at 2; Compl. ¶ 1 ("Plaintiff is an
6  individual residing in the City of SAN JOSE, County of SANTA CLARA, and the State of
7  CALIFORNIA"); Kuhn Decl., ¶¶ 4–6. Plaintiff has provided no evidence to the contrary. Thus,
8  Defendant has met its burden of showing that the parties are diverse.

        **iv.   Procedural Requirements**

10      Finally, the court address procedure. Plaintiff argues that Defendant must satisfy the
11  procedural requirements for removal under 28 U.S.C. § 1446, but points to no procedural defect in
12  Defendant's efforts to remove the case. *See* MTR. Defendant responds that it was served on July
13  27, 2023 and timely filed the notice of removal on August 23, 2023. MTR Opp. at 6–7. Plaintiff
14  replies that Defendant did not properly submit evidence of when it was served. MTR Reply at 3.
15      28 U.S.C. § 1446 requires that a notice of removal "contain[] a short and plain statement of
16  the grounds for removal, together with a copy of all process, pleadings, and orders served upon
17  such defendant or defendants in such action." "Section 1446(b) identifies two thirty-day periods
18  for removing a case." *Kuxhausen*, 707 F.3d at 1139 (internal quotation marks and citation
19  omitted). "The first thirty-day removal period is triggered if the case stated by the initial pleading
20  is removable on its face." *Id.* (internal quotation marks omitted).
21      Defendant filed the Notice of Removal on August 23, 2023, fewer than 30 days after
22  service on August 2, 2023. *See* ECF No. 1-2 at 7. Furthermore, Defendant attached copies of all
23  process, pleadings, and orders served on Defendant in accordance with 28 U.S.C. § 1446(a). *See*
24  Not. of Removal. Thus, Defendant has shown that removal was procedurally proper.
25                                      \*        \*        \*
26      Defendant has met its burden in showing that the amount in controversy exceeds $75,000,
27  that the parties are diverse, and that removal was procedurally proper. Accordingly, Plaintiff's
28  motion to remand is denied.

### B. Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's Fourth Cause of Action for fraud and Fifth Cause of Action for violation of the UCL (based on the "Fraud Prong"). MTD at 4–11. Defendant's motion does not challenge Plaintiff's Fifth Cause of Action based on the UCL's "Unfair Prong," Compl. ¶ 87–100, or "Unlawful Prong," *id.* ¶ 110–120. Plaintiff's opposition acknowledges potential deficiencies in its pleading and "request[s] leave to file a First Amended Complaint," arguing that "Plaintiff can allege in an amended complaint that General Motors knew of issues with battery and did not disclose said knowledge through dealership personnel" and "can establish a transactional relationship" to allege fraud. MTD Opp. at 5–6. Defendant did not file a reply brief or otherwise oppose Plaintiff's request.

Since Defendant does not object to amendment, the Court grants Defendant's motion to dismiss Plaintiff's fraud claims with leave to amend.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand is DENIED.
2. Defendant's motion to dismiss Plaintiff's Fourth Cause of Action is GRANTED WITH LEAVE TO AMEND.
3. Defendant's motion to dismiss Plaintiff's Fifth Cause of Action (based on fraud) is GRANTED WITH LEAVE TO AMEND.

Any amended complaint shall be filed within 14 days of the issuance of this order. Plaintiff may only amend consistent with this order. Plaintiff shall also file a redlined version of any amended complaint.

Dated: February 28, 2024

_____
BETH LABSON FREEMAN
United States District Judge